[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2006
THOMAS K. KAHN
CLERK

No. 05-14479
Non-Argument Calendar
_____

Agency No. A76-891-200

JUAN ISMAEL COREA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 15, 2006)**

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Juan Ismael Corea, a native and citizen of Nicaragua, petitions this Court for review of the Board of Immigration Appeals' decision denying his application for adjustment of status under section 202 of the Nicaraguan Adjustment and Central American Relief Act (NACARA), Pub. L. No. 105-100, 111 Stat. 2160, 2193 (1997). Corea contends that the BIA erred in denying his application by finding that the Child Status Protection Act (CSPA), Pub. L. No. 107-208, 116 Stat. 927 (2002) (codified as amended at 8 U.S.C. §§ 1151 to 1153; INA §§ 201, 203 & 208), does not apply to applications to adjust under section 202 of NACARA. Corea argues that he belongs to the same class of persons Congress meant to protect by enacting the CSPA.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Insofar as the BIA adopts the IJ's reasoning, as occurred in the present case, we review the IJ's decision as if it were the BIA's decision. See id. We review an agency's statutory interpretation of its laws and regulations de novo but defer to the agency's interpretation if it is reasonable and does not contradict the clear intent of Congress. See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842–46, 104 S. Ct. 2778, 2781–83 (1984); see also Barreto-Claro v. U.S. Att'y Gen., 275 F.3d 1334, 1338–39 (11th Cir. 2001).

2

The CSPA amended the Immigration and Nationality Act to provide "age-out" protection for persons who were children at the time a petition or application for permanent resident status was filed on their behalf. See Pub. L. No. 107-208, 116 Stat. 927 (2002) (codified as amended at 8 U.S.C. §§ 1151 to 1153; INA §§ 201, 203 & 208); see also Padash v. INS, 358 F.3d 1161, 1167 (9th Cir. 2004). During a June 8, 2004 hearing before the IJ, Corea stated that:

> I found that [the CSPA] did not apply to NACARA in doing research and it is because they, the Congress in its wisdom found that there would be no need for that because supposedly all NACARA cases should have been taken care of on a timely basis and there, as a matter of fact, at the end of NACARA there were children coming into this country who [were] under 21 and immigration did everything they could to make sure that those cases were addressed and therefore this is the reason why Congress did not have the [CSPA] address this matter, however, in this case there has been a . . . miscarriage of justice, Your Honor.

The IJ construed this "miscarriage of justice" argument as a "constitutional" one. Because Corea conceded to the IJ that the CSPA does not apply to applications for adjustment under section 202 of NACARA and because he makes no constitutional argument on appeal, we do not consider whether the BIA and IJ erred in denying his application on the ground that the CSPA does not apply to applications to adjust under section 202 of NACARA. Moreover, we note that pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(B), the BIA was authorized to summarily dismiss Corea's appeal because "[t]he only reason for the appeal specified by the party concerned

3

involve[d] a finding of fact or a conclusion of law that was conceded by that party at a prior proceeding."

Corea also urges this Court "to grant his motion to reopen and remand with instructions to terminate proceedings based on the application of equitable estoppel." Corea did not file a motion to reopen with the BIA. This Court has no jurisdiction to consider a petitioner's motion to reopen; we may only review for abuse of discretion the BIA's denial of such a motion and affirm or reverse that decision. See Dakane v. U.S. Att'y Gen., 371 F.3d 771, 773 n.2 (11th Cir. 2004) ("In this Circuit, we review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion.").

PETITION DISMISSED.